## Bank of Columbia *v.* W. P. D. Bush.

**Corporations—Bond for Costs—Dismissal of Action.**
   A suit brought by a corporation in this state must be dismissed when it fails to give bond for costs before commencing the suit.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 7, 1876.

Opinion by Judge Elliott:

The appellant is a corporation, and as such brought this suit, without having first executed a bond for the cost of the action. On appellee's motion, and because said bond had not been executed, said suit was dismissed without prejudice, and this action of the court below is complained of by appellant. The law on the subject is unambiguous, and is to be found in the General Statutes, p. 265, and is as follows: "When a non-resident or any corporation shall institute an action in any court, whether suing in his own right or as representative of another, he shall before the commencement thereof, give bond with a surety resident in this state, payable to the defend-

ant, to pay all cost that may accrue in consequence thereof either to the opposite party or the officers of court." If the plaintiff fails to give surety for cost, as required by the provisions of this chapter, his action shall be dismissed.

It will be seen that this statute leaves no room for construction. It says to the appellant that before it brings an action in this state it must give surety for cost; and if it fails so to do, it says to the court that it shall dismiss its action; and consequently the court in which the suit was brought had no discretion. Any exercise of discretion which operated as a refusal to dismiss the suit on motion made to do so, would have been a violation of the statute. We see no escape from the provisions of the statute. It is not contended that it is unconstitutional, and its words are imperative that a suit by a corporation "shall be dismissed" if bond for cost is not executed "before" its "commencement." We see nothing wrong in the statute except that it puts a corporation in the masculine gender, and that error, if any, is not before us for correction.

But it is contended that, under the rules of practice of the Louisville chancery court, notice of appellee's motion should have been given to appellant, and the same should have been in writing; but these errors, if any, were waived by appellant's failure to object thereto in the court below.

Wherefore the judgment must be *affirmed.* Judge Cofer did not sit in this case.

*Alexander & Dickerson, for appellant.*
*Barrett & Brown, for appellee.*